

JUDGE TORRES

Lee Litigation Group, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLIN ZAMORA,
and ARTURO CARAVANTES
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

        v.

ONE FIFTY FIFTY SEVEN CORP. d/b/a
RUSSIAN TEA ROOM,
RTR FUNDING GROUP, INC.,
GERALD LIEBLICH, KEN BIBERAJ
and HASAN BIBERAJ,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, FRANKLIN ZAMORA and ARTURO CARAVANTES ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against Defendants, ONE FIFTY FIFTY SEVEN CORP. d/b/a RUSSIAN TEA ROOM, RTR FUNDING GROUP, INC., ("Corporate Defendants"), GERALD LIEBLICH, KEN BIBERAJ and HASAN BIBERAJ, (together the "Individual Defendants") (the Corporate Defendant and Individual Defendants are each individually referred to as a "Defendant" and collectively "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unlawfully retained tips, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread of hours premium, (4) unlawfully retained tips, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, FRANKLIN ZAMORA, is a resident of Queens County, New York.

6. Plaintiff, ARTURO CARAVANTES, is a resident of Queens County, New York.

7. (a) Upon information and belief, Defendant, ONE FIFTY FIFTY SEVEN CORP., is a domestic business corporation organized under the laws of New York and operates the "Russian Tea Room" restaurant with a principal place of business at 150 W 57th Street, New York, New York, and an address for service of process at 234 W 56th Street, New York, New York.

(b) Upon information and belief, Defendant, RTR FUNDING GROUP INC., is a domestic business corporation organized under the laws of New York with a principal place of

business at 150 W 57th Street, New York, New York, and an address for service of process at 234 W 56th Street, New York, New York. RTR FUNDING GROUP INC. is the holding company of the Russian Tea Room restaurant.

8. Upon information and belief, Individual Defendants, GERALD LIEBLICH, KEN BIBERAJ and HASAN BIBERAJ, are principals of each of the Corporate Defendants.

   (a) Upon information and belief, Defendant GERALD LIEBLICH is the owner and principal of the Russian Tea Room restaurant.

   (b) Upon information and belief, Defendant KEN BIBERAJ is the Vice President and manager of the Russian Tea Room restaurant.

   (c) Upon information and belief, Defendant HASAN BIBERAJ is the President, CEO and manager of the Russian Tea Room restaurant. HASAN BIBERAJ comes to the Russian Tea Room restaurant every day to check the operations of the restaurant and would personally supervise the employees. Defendant HASAN BIBERAJ also personally hired Plaintiff ZAMORA.

9. The Individual Defendants exercised control over the terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class members. Each of the Individual Defendants exercised the power and authority to

   a. fire and hire;
   b. determine rate and method of pay;
   c. determine work schedules;
   d. supervise and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members and

e. otherwise affect the quality of employment, of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

10. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees, including waiters, bussers, runners, delivery persons, bartenders and barbacks, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the proper prevailing minimum wage, (ii) overtime premium at the rate of one and one half times the minimum wage rate for work in excess of forty (40) hours per workweek or (iii) all of the tips earned. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs the proper minimum wage by taking an invalid tip credit. Defendants were not entitled to take any tip credits under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit and (ii) illegally retained a portion of

4

the tips. Defendants also failed to pay Plaintiffs and FLSA Collective Plaintiffs the proper overtime compensation of time and one-half of the minimum wage rate.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA. 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees, including waiters, bussers, runners, delivery persons, bartenders and barbacks, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failure to pay the proper prevailing minimum wage due to an invalid tip credit, (ii) failure to pay proper overtime premium, (iii) failure to pay all of the tips earned, (iv) failure to provide proper wage statements showing the amount of tip credit taken for each payment period, and (v) failure to provide proper wage notice at the time of hiring or annually thereafter. Defendants were not entitled to take any tip credits under the NYLL, because they failed to (i) provide a proper tip credit notice to all tipped employees, (ii) provide a proper wage statement showing the amount of tip credit taken for each payment period, and (iii) illegally retained a portion of their tips earned. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of the wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the

vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

f) Whether Defendants informed Plaintiffs and Class members in wage statements of the amount of tip credit allowance claimed for every pay period;

g) Whether Defendants improperly retained a portion of the tips earned;

h) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

i) Whether Defendants paid Plaintiffs and Class members spread of hours premium when their workdays exceeded ten (10) hours; and

j) Whether Defendants gave proper wage notices at the beginning of employment and annually thereafter to Plaintiffs and Class members as required under NYLL; and

k) Whether Defendants gave proper wage statements that properly informed Plaintiffs and Class members of their hours worked as required under NYLL.

## STATEMENT OF FACTS

23. On or about June 10, 2013, Plaintiff, FRANKLIN ZAMORA, was hired by Defendants to work as a busser for Defendants at their "Russian Tea Room" restaurant located at 150 W 57th Street, New York, New York. Plaintiff ZAMORA was directly hired by Defendant HASAN BIBERAJ. Plaintiff ZAMORA was discharged on June 25, 2014.

24. During Plaintiff ZAMORA's employment, he worked 5 or 6 days per week, and for each workday he worked either the breakfast shift and lunch shift from 6:00 am to 4:00pm, or the lunch shift and dinner shift from 10:30 am – 11:30 pm. There was a one-hour break between the breakfast and lunch shift or between the lunch and dinner shift. Plaintiff ZAMORA worked approximately 50-60 hours per week. At all times, Plaintiff ZAMORA was a tipped employee. Other tipped employees worked similar schedules.

25. In or about October 2012, Plaintiff, ARTURO CARAVANTES, was hired by Defendants to work as a busboy/runner/barista for Defendants' Russian Tea Room restaurant located at 150 W 57th Street, New York, New York. Plaintiff CARAVANTES was discharged by Defendants on September 22, 2014. At all times, Plaintiff CARAVANTES was a tipped employee. Other tipped employees worked similar schedules.

26. During Plaintiff CARAVANTES's employment, from in or about October 2012 to in or about February 2013, he worked 5 or 6 days per week. He worked from 10:30 am to 12:00 am (midnight) for twice a week, and from 10:30 am to 4:30 pm for three or four times per week, totaling 45 to 51 hours per week. From in or about February 2013 to the present, Plaintiff CARAVANTES worked on a part-time basis from 6 am to 11 am for five days per week, totaling approximately 25 hours per week.

27. Throughout Plaintiffs' employment with Defendants, they were paid $5.00 per hour, which was below the prevailing minimum wage, which was the hourly rate paid to all tipped employees employed by Defendants. For breakfast shifts, Defendants would take away all the tips earned by tipped employees and pay Plaintiffs and other tipped employees $45 per shift in addition to the $5.00 per hour base pay. For lunch and dinner shifts, Plaintiffs and other tipped employees received $5.00 per hour plus tips.

28. For hours Plaintiffs and other tipped employees worked above 40 hours per week, they were paid a straight-time pay of $5.00 per hour. Starting in or about October 2013, Defendants paid Plaintiffs and other tipped employees at $8.75 per hour for their hours worked in excess of 40 per week. Such overtime rate was still lower than the required time-and-one-half of the prevailing minimum wage rate.

29. Plaintiffs and other tipped employees did not receive any tip credit notice. Defendants failed to inform Plaintiffs and other tipped employees that their tips would be used as a credit toward the minimum wage. Moreover, Plaintiffs and other tipped employees' wage statements did not show the amount of tip credit claimed for each relevant pay period.

30. Defendants paid Plaintiffs, the FLSA Collective Plaintiffs and the Class members, the "tip credit" minimum wage, which is less than the federal and New York State minimum wage.

Defendants, however, were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) illegally retained a portion of the tips earned, rendering the tip credit invalid in violation of the FLSA and NYLL, and (iv) required all tipped employees to engage in non-tip-related activities for more than two hours or 20% or their workday.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs, FLSA Collective Plaintiffs and Class members due to the invalid tip credit allowance that Defendants claimed.

32. Defendants knowingly and willfully operated their business with a policy of not paying either the proper FLSA overtime premium or the New York State overtime premium to the Plaintiff, FLSA Collective Plaintiffs and Class members.

33. Defendants knowingly and willfully operated their business with a policy of not providing tipped employees proper wages statements as required under the New York Labor Law. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never included in any wage statements to tipped employees. Defendants also failed to provide proper wage notices at the beginning of employment of Plaintiffs and Class members, or annually thereafter.

34. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premium in violation of the New York Labor Law. Plaintiffs' and Class members' workday consistently exceeded ten (10) hours.

35. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

41. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their minimum wages in the lawful amount for their hours worked.

42. Defendants were not entitled to take any tip credits under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit,

(ii) illegally retained a portion of their tips, and (iii) required all tipped employees to engage in non-tip-related activities for more than two hours or 20% or their workday.

43. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

44. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their overtime wages in the lawful amount for their hours worked in excess of forty hours per workweek.

45. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly distribute all tips to tipped employees.

47. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA with respect to the tip credit.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, and illegally retained tips, plus an equal amount as liquidated damages.

50. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiffs reallege and reaver Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) illegally retained a portion of their tips, and (iv) required all tipped employees to engage in non-tip-related activities for more than two hours or 20% or their workday.

54. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper overtime compensation of time and one-half of the minimum wage required by the NYLL.

55. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper spread of hours premium when their workdays exceeded ten (10) hours.

56. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to tipped employees as required under the New York Labor Law. Employers are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because the tip credit allowance was never included in any wage statements to tipped employees.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices at the beginning of employment and annually thereafter under the New York Labor Law.

58. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime wage, illegally retained tips, spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of unpaid overtime wages due under the FLSA and the New York Labor Law;

e. An award of illegally retained tips under the FLSA and the New York Labor Law;

f. An award of unpaid spread of hours premium due under the New York Labor Law;

g. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law notice and statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime wage pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime wage, and call-in pay pursuant to the New York Labor Law;

j. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiff;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiffs as Representative of Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: October 6, 2014

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

                By: _____
                C.K. Lee (CL 4086)