UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN ZAMORA, ARTURO CARAVANTES, and IRAKLI SOKHADZE on behalf of themselves and all others similarly situated,

                 Plaintiffs,

   v.

ONE FIFTY FIFTY SEVEN CORP. d/b/a THE RUSSIAN TEA ROOM, RTR FUNDING GROUP, INC., GERALD LIEBLICH, KEN BIBERAJ and HASAN BIBERAJ,

                 Defendants.

Case No. 14 CV 8043 (AT)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY.

Defendants One Fifty Fifty Seven Corp. d/b/a Russian Tea Room ("Russian Tea Room"), RTR Funding Group, Inc., Gerald Lieblich, Ken Biberaj, and Hasan Biberaj (collectively "Defendants"), by and through their undersigned attorneys, McCarter & English, LLP, hereby submit the following response to Plaintiffs' motion for conditional collective action certification, court-authorized notice, and expedited discovery.

   A. **Background**

As set forth in Plaintiff's motion papers and the Amended Complaint (ECF No. 25), the Russian Tea Room is one of the most iconic restaurants in New York City. (ECF No. 25 at ¶ 2). Plaintiffs Franklin Zamora, Arturo Caravantes, and Irakli Sokhadze (collectively "Plaintiffs") were all employed at the Russian Tea Room between the years 2012 and 2014. Zamora was employed as a busboy from June 2013 to June 2014. (ECF No. 25 at ¶7). Caravantes was

1

employed as a busboy/runner/barista from October 2012 to September 2014.  (ECF No. 25 at ¶10).  Sokhadze was employed as a server from September 2013 to June 2014.  (ECF No. 25 at ¶13.)

Plaintiffs claim that Defendants failed to pay the proper minimum wage under the Fair Labor Standards Act ("FLSA") to all employees who received tips ("Tipped Workers"). Plaintiffs allege that Defendants took a "tip credit" on wages paid to Tipped Workers, but should not have been able to do so because they: 1) failed to provide Tipped Workers with proper notification of the tip credit and 2) retained a portion of the tips earned by Tipped Workers. Finally, Plaintiffs allege that Tipped Workers were not paid the correct amount of overtime because, due to the invalid tip credit, the overtime rate of pay was incorrectly calculated. Plaintiffs claim that all Tipped Workers were subjected to the same policies.  (*See*, *e.g.*, Zamora Decl. (ECF No. 28-1); Caravantes Decl. (ECF No. 28-2); Sokhadze Decl. (ECF No. 28-3)).

### B. FLSA Conditional Certification

Plaintiffs seek conditional certification of their FLSA claims so that they may send court-authorized notice of the lawsuit.  Courts within the Second Circuit use a two-step method to assess whether to certify a collective action under the FLSA.  At this stage of the proceedings, Plaintiffs must demonstrate that they are similarly situated to putative class members "with respect to whether a FLSA violation has occurred."  *Myers v. Hertz Corps.*, 624 F.3d 537, 555 (2d Cir. 2010).  As this Court recently noted, courts "generally grant conditional certification because the determination that plaintiffs are similarly situated is 'merely a preliminary one.'" *Flood v. Carlson Restaurants, Inc.*, 14 Civ. 2740, 2015 WL 260436, at *2 (S.D.N.Y. Jan. 20, 2015) (J. Torres), citing *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158-59 (S.D.N.Y. 2014). While Defendants do not concede that the allegations of the Amended Complaint are true or that

putative class members are similarly situated, this Court has observed that it would be inappropriate at this stage to consider declarations or other evidence rebutting Plaintiffs' evidence. *Flood*, 2015 WL 260436, at *5. Finally, this Court noted in *Flood* that "[c]onditional class certification is appropriate ... where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations." 2015 WL 260436, at *2, citing *Fasanelli v. Heartland Brewery, Inc.,* 516 F.Supp.2d 317, 322 (S.D.N.Y. 2007).

Given this lenient standard, Defendants do not oppose granting Plaintiffs' motion for conditional collective action certification, so long as the putative class is appropriately limited and notice is appropriately tailored.

### C. Notice and Expedited Discovery

Defendants respectfully request that counsel be given a period of two weeks to confer regarding the terms of such notice and the terms of the production of the names and contact information of potential opt-ins. This Court recently has approved of such a procedure. *Flood*, 2015 WL 260436, at *5; *see also Morris v. Lettire Constr., Corp.* 896 F. Supp. 2d 265, 267 (S.D.N.Y. 2012) ("In accordance with defendants' request, the parties are directed to meet and confer to formulate a proposed joint notice….").

Time to confer is necessary to address several issues with Plaintiff's proposed notice, including the following:

- Plaintiffs seek to represent all tipped employees of the Russian Tea Room, identifying relevant job titles as "servers, bussers, runners, baristas, bartenders, and barbacks." In fact, the Russian Tea Room did not employ barbacks during the relevant time period. The additional time will allow the parties to verify that the correct job titles of Tipped Workers are included as part of the notice.

- Plaintiffs' Notice states that the Court has conditionally certified a class consisting of tipped workers from October 6, 2008 to present. This will

- not be correct, as the FLSA's maximum statute of limitations for willful violations is three years, not six.

- Beyond that, the Notice does not comport with the applicable limitations period. The filing of the first Complaint did not toll the statute of limitations and reference to the October 6, 2014 filing date is improper. Any notice issued in this case should set forth that the collective action is limited to proper putative opt-ins who were employed during the three year period preceding the Court's decision authorizing that notice be issued. *See*, *e.g.*, *Doucoure v Matlyn Food, Inc.*, 554 F.Supp.2d 369, 373 (E.D.N.Y. 2008).

- Plaintiffs' Notice requests that the window of time during which employees may opt in to the action be set at 90 days. However, this Court previously has ruled that 60 days is a reasonable period of time to opt in. *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 128 (S.D.N.Y. 2014) (J. Torres).

- The Notice does not mention that any of the putative Plaintiffs will be seeking a stipend for serving as the representative for the Collective Action, which might impact the amount provided to opt-ins. Individuals may choose not to opt in if their potential recovery may be impacted negatively. If the Plaintiffs will be seeking an incentive award, then the remaining members of the class should be so informed.

- Plaintiffs' request to post the Notice in the restaurant is unnecessary given that Defendants will provide Plaintiffs with the contact information for potential opt-ins.

- Plaintiffs seek to send potential opt-ins a reminder letter, which apparently was meant to be included as Exhibit H of the Schaffer Declaration in support of their motion. In fact, that letter was not included, as Exhibit H is a consent to become a party plaintiff. Therefore, neither Defendants nor the Court can determine the appropriateness of the letter.

### D. Equitable Tolling

Under the FLSA, the question of whether any particular opt-in plaintiff's action is timely is keyed to the date that she actually opts in to the lawsuit, not to the filing of the complaint. *See* 29 U.S.C. § 256(b). Plaintiffs argue that the statute of limitations for future opt-in plaintiffs should be equitably tolled until they are able to send notice to potential opt-ins, presumably from

4

the date that Plaintiffs filed their motion.  (ECF No. 29 at p. 14).  Plaintiffs' request should be denied.

Equitable tolling should only be applied when "a [party] has been prevented in some extraordinary way from exercising his rights."  *Mark v. Gawker Media LLC*, 13 Civ. 4347, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2014) (citations omitted).  It applies only when a party has (1) acted with reasonable diligence during the time period he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.  *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003).  Plaintiffs argue that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine."  ECF No. 29 at 14, citing *Yahraes v. Rest. Assoc. Events Corp.*, 10 Civ. 935, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011).

While some courts have equitably tolled the statute of limitations in some FLSA collective actions, there is no reason to do so here.  The time delay between Plaintiffs' motion and its resolution will not be extraordinary.  In fact, given that Defendants are not opposing conditional certification, there will be no time delay caused by the Court's need to rule on the motion.  Rather, if the Court grants the parties time to confer, there will be only a short delay to agree upon the contents of the notice and provide contact information for potential opt-ins.  The delay in this case certainly will not be extraordinary, and therefore equitable tolling should not be granted.  *See Mark*, 2014 WL 5557489, at *3.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court order the parties to confer on the content of any notice to potential opt-ins, as well as the production of contact information for those individuals, subject to the Court's ultimate approval. Defendants also respectfully request that the Court deny Plaintiffs' request for equitable tolling.


Dated: New York, New York
January 30, 2015

        /s/
Peter D. Stergios
Christina M. Schmid
M. Christopher Moon
McCARTER & ENGLISH LLP
245 Park Ave., 27th Floor
New York, New York 10167
Tel: (212) 609-6800
*Attorneys for Defendants*