USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/1/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN ZAMORA, ARTURO CARAVANTES and IRAKLI SOKHADZE, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

ONE FIFTY FIFTY SEVEN CORP. d/b/a THE RUSSIAN TEA ROOM, RTR FUNDING GROUP, INC., GERALD LIEBLICH, KEN BIBERAJ, and HASAN BIBERAJ,

Defendants.

14 Civ. 8043 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On October 6, 2014, Plaintiffs, Franklin Zamora and Arturo Caravantes, filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). ECF No. 1. On November 25, 2015, the parties informed the Court that they had reached a settlement. ECF No. 52. The parties now jointly move for approval of the proposed settlement and an award of attorneys' fees to Plaintiffs' counsel. ECF No. 57. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I. Proposed Settlement

Before approving a FLSA settlement, a district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In making this assessment, the court should consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in

> establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted). Among other reasons, *see id.* at 336, courts should disapprove agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims, *Cheeks*, 796 F.3d at 206.

Here, the Court finds the proposed settlement to be fair and reasonable. First, the parties reached the settlement as a result of arm's-length negotiations following significant informal and formal discovery, with the assistance of a private mediator experienced in employment law. ECF No. 37 ¶ 14. Moreover, there is no evidence of fraud or collusion between the parties.

Second, according to the calculations of Plaintiffs' counsel, the proposed settlement would enable Plaintiff to recover 100% of their estimated damages. *Id.* ¶ 10, Ex. C. Specifically, under the settlement, Plaintiffs would receive $56,843, representing 100% of their unpaid wages and 100% of their liquidated damages. *Id.* ¶ 2.

Third, the proposed settlement would allow the parties to avoid the costs associated with continued litigation. Beyond establishing claims and defenses at trial, proceeding with litigation would require further discovery and motion practice.

Fourth, the proposed settlement would provide certainty whereas continued litigation would carry significant risks. If litigation continues, Plaintiffs acknowledge that they will need to establish that Defendants failed to provide proper wage statements and proper notice of wages and tip credits. *Id.* ¶¶ 12-13. As such, Plaintiffs would face risks in establishing the full amount of liability and damages alleged at trial.

Finally, the proposed settlement agreement contains neither "highly restrictive confidentiality provisions" nor "overbroad" releases of claims, *Cheeks*, 796 F.3d at 206.

In sum, having considered the *Wolinsky* factors and the totality of the circumstances, the Court finds the proposed settlement to be fair and reasonable and, therefore, approves the proposed settlement.

II. Attorneys' Fees and Expenses

Plaintiffs also request an award of attorneys' fees in the amount of $71,657. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees and expenses. 29 U.S.C. § 216(b). Awarding attorneys' fees in this context is meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). Indeed, "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected." *Id.* Moreover, "[i]n an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336.

In this case, the Court finds an award of $71,657.00 for attorneys' fees to be reasonable. Plaintiff's counsel expended approximately 260 hours in litigating this action, ECF No. 57 ¶ 34, resulting in a reasonable effective hourly rate. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." (internal quotation marks omitted)). Moreover, although the proposed award is greater than Plaintiffs' recovery, the Court sees no reason to reduce the fee where, as here, Plaintiffs will receive 100% of their estimated damages, there are no opt-in plaintiffs, the case is not a collective action, and there exists no "basis to presume conflict and antagonism between the plaintiff and his attorney," *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377

n.3 (E.D.N.Y. 2013) (noting that where no such evidence exists, "the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation").

## CONCLUSION

For the reasons stated above, the parties' motion for approval of the proposed settlement and an award of attorneys' fees is GRANTED.

The Court shall retain jurisdiction over the Settlement Agreement for the purposes of enforcement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 1, 2016
New York, New York

ANALISA TORRES
United States District Judge